The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Catherine E. Zienoff presiding. Good morning. This is number 4-250350, Clorinda D'Agnolo v. Catholic Cemetery Association of Peoria and the Catholic Diocese of Peoria. Good morning, counsel. Would you identify yourselves for the record? First counsel for the appellant? Good morning. Alex Marks on behalf of the appellants, Catholic Cemetery of Peoria and Catholic Diocese of Peoria. Thank you. And counsel for appellee? Good morning, your honors. Daniel Wolfe for appellee, Clorinda D'Agnolo. Thank you. Mr. Marks, you may begin your argument. Thank you, your honors. May it please the court, My name is Alex Marks on behalf of the appellants. I understand I have 5 minutes for rebuttal time. On appeal is a certified question whether a provision in a burial easement agreement that prohibits disinterment from a grave without the written permission of the easement owner conflicts with Section 5 of the Disposition of Remains Act, Section 21-5 of the Vital Records Act, and or Section 20A1E of the Crematory Regulatory Act such that the provision should be deemed invalid. The appeal stems from the trial court's ruling that such burial easement agreement provision requiring the written permission from the easement holder did not conflict with those statutes and did not impair the rights of third parties, here the decedent's children, under those statutes. The facts briefly are that the plaintiff and the decedent were engaged. The decedent became ill with terminal cancer. The plaintiff barred the decedent's four children from visiting him in the hospital. After passing, the plaintiff took possession of the decedent's body despite the children having priority to the disposition of the remains and barred the decedent's children from attending the funeral and wake, including hiring security to keep them away. The plaintiff then entered into the subject easement agreement with my client, the Catholic Cemetery of Peoria, not advising the cemetery that she did not have the priority right to the possession of the body. The cemetery's standard easement agreement incorporated by reference certain diocesan statutes concerning and governing disinternment, among which included a clause that stated that for disinternment to occur required the quote written permission or order from the owner of the easement of the grave. Three years later, the children lawfully obtained a disinternment permit under the Vital Records Act and affected disinterment through a third party. The plaintiff does not dispute that the children lawfully affected that disinternment. Instead, she sued the cemetery asserting breach of the easement agreement for failing to obtain her written permission before the disinternment proceeded. There is no dispute under Illinois law that if there's a conflict that exists between a contract and a state statute, the statute prevails and the contract provision may not be enforced. Equally clear under Illinois law is that the law will not give effect to a contract provision which wrongfully precludes a third party's exercise of a valid right. Here, there is no dispute that under the Disposition of Remains Act, the decedent's children... If I may, just before you jump into that argument, this is a little bit more of a framework question, if you will, and I will cite the case of Abrams v. Oaklawn, Hometown Middle School, 2014, Illinois Appellate 1st 132987. And I just want to... You mentioned that this is a certified question here as to one of those questions under 308, and so as far as this court's response, do you agree that we are limited to the question on the matter of law and that you have not argued any exception, such as in the interest of judicial economy, we should go beyond the scope of the certified question and consider the underlying order? I would agree that I think all that's presently before this court is the certified question. Okay, thank you. You may continue with your argument. Thank you, Your Honor. Under the Disposition of Remains Act, there is no dispute that the decedent's children had a priority right over the plaintiff to control the disposition of the remains. The children in that statutory framework in the pecking order were fourth. The plaintiff, a non-relative, would fall under Category 9 below the children. There is no authority under the law that such priority right of the children can be altered by a third party via contract or that by virtue of taking possession of the decedent's remains without a priority right, somehow the plaintiff could jump ahead of the children in line. Yet because of the easement agreement and permission clause that the plaintiff entered into, she asserts just that, that she had the right to withhold the right from the decedent's children to disinter their father's remains, therein preventing the children from exercising their lawful right to control the disposition of those remains. Similarly, under the Vital Records Act, the plaintiff who was not married to the decedent, there's no dispute about that, had no right to withhold permission for disinterment nor even standing to contest that disinterment. Rather, such rights were only limited to a surviving spouse or child. The statute briefly says in relevant part, in the case of disinterment, proper application shall include a statement providing the name and address of any surviving spouse of the deceased, or if none, any surviving children of the deceased, or if no surviving spouse or children, a parent, brother, or sister of the deceased. It goes on later to say, prior to the issuance of a permit for disinterment, the local registrar shall, by certified mail, notify the surviving spouse, unless he or she is the applicant, or if there's no surviving spouse, all surviving children except for the applicant, of the application for the permit. The person or persons notified shall have 30 days from the mailing of the notice to object by obtaining injunction in joining the issuance of the permit. Plaintiff, her claim that she was contractually entitled to withhold permission for disinterment of the decedent's remains, thereby directly contradicts with that statute, which affords her no such right. The statute makes no mention whatsoever that the owner of an easement, under a burial contract, somehow has rights pertaining to disinternment. But counsel, if I may, even if it's not, I'm sorry, Justice Sienoff, if you'd like to go ahead. Go ahead. Even if the statute doesn't require the notice, though, I guess my question is, couldn't your client have complied with providing the notice and the permission, meaning if they, through freedom of contract, put these additional burdens upon themselves, what would they be violating in the statutes, if they went ahead and complied with the terms and conditions of your contract? So the plaintiff in her complaint raised the issue that there was a breach by allegedly not providing notice and permission, and so we have continued to address that there was no requirement to provide notice. I will point out that the actual contract clause only says required is the written permission or order from the owner of the easement of the grave, and in fact, in his response brief, plaintiff's counsel noted that all they're claiming that the breach now is failure to obtain written permission. So the plaintiff herself is not claiming notice, but to answer your question, Your Honor, the obligation that to allege to have been required is to obtain the permission, and that would have violated the statute if they would have, by contract, have said, we're not going to somehow allow a lawful disinterment to occur because we first have to go and try to obtain written permission of a party who has no rights under the statute to withhold permission. There's no requirement to have provided permission, and we raised the notice issue because this is important. Had the plaintiff had any such rights under the Vital Records Act, she would have been provided notice pursuant to statute, and then she could have lawfully taken the steps within the 30-day period to somehow challenge that if she had wanted to. But if there was any potential conflict from requesting her permission for disinterment, couldn't there have been, or shouldn't there have been, shouldn't that have been resolved under Section 50 subsection B of the Disposition of Remains Act that provides any dispute of her disinterment shall be resolved by a circuit court with all reasonable promptness by the court? No, because under Section 50B of the Disposition of Remains Act, that section addresses when there is dispute as to the right to possess or control the disposition of the remains pursuant to Section 5 of that statute. Here, the plaintiff is not claiming any rights under Section 5 of that statute. She's only claiming the rights contractually, and that's where the fundamental conflict arises. She is a right under a contractual provision that she does not have and did not have under any of these various statutes. The parties essentially contracted. But that's the point. Through contract, can they not give her the additional right provided it doesn't conflict with the statute? But it does conflict with the statute because to say that she had the right to withhold permission under any of these statutes to control the disposition, to disinter the body, or to disinter the body than to cremate it when she didn't have the right to withhold that permission under the statutes is a direct conflict. No different than the cases we have cited. For example, Flunder v. State, where a collective bargaining agreement provided back pay that was not permitted. Sibley, a union bargaining agreement set a mandatory retirement age that was contrary to the Civil Service Act. Or Decan, where a local board agreed to pay an engineer for sewer contracting services that they didn't have the right to bind the municipality because a statute required a prior appropriation. Each of these cases, a right was given or taken away by contract that conflicted with a state statute. And here, we have a right that was given under the easement burial agreement that provided the plaintiff purportedly with the right to withhold permission that she had no such right under any of these other statutes. And therefore, there is a direct conflict. If under the Vital Records Act, the children could, as the plaintiff has conceded in the record, had the right to lawfully obtain the disinterment permit and lawfully affected the disinterment. If somehow the plaintiff was then given a right to say, no, you can't do what you otherwise lawfully could do under the Vital Records Act because I contracted with a third party in a contract you weren't a party to. And that contract says, I now have the right to put a stop to all this. There is a direct conflict. It's no different than any of these other cases where a right was given or taken away that was not permitted under the statute. And we have that situation here. Counsel, I view this more as a question of your obligation as opposed to a right. Your clients were more than willing to take this woman's money and contract with her without making any effort to determine whether, in fact, she had any right to inter the decedent in the first place. So why doesn't that place an obligation upon you once there turns out to be an issue to notify her under that provision so that she can then enter her objection or whatever and then get this resolved through the courts? You contracted with her and you told her that she had this opportunity. She had that you basically gave her this right. And the question is, by doing that, don't you then take on some obligation in response when you find out that there seems to be a question as to whether she really had the ability to inter the decedent anyway? To address your question, Your Honor, first, there is no exception, your own contract exception, to the Black Law principle that if a contract conflicts with a statute, the contractual provision is invalid. This happens in every case. In the contract in, I believe it was DeKalb, where the city contracted with an engineer to provide sewer services. It could be said, well, he went ahead and provided the services. You should have known that you didn't have the right to bind yourself to this. It doesn't matter, even if it's your own contract or you invoke that. To answer your question more directly, though, the notion that my client, the cemetery, had some obligation to determine the party's rights on the way in the door is really what went to the second question that was certified by the trial court but was not accepted by the appellate court. And I'm only going to raise it because in that case, there's under section 45, there's no liability for a cemetery organization if they follow the directions of a party concerning disposition of a remains and it turns out not to be true. And the rationale behind that, and this is how it answers your question, is there's no obligation for a cemetery to undertake an investigation when a party comes to them and represents they have the right to bury someone. To provide that sort of a burden upon a cemetery, they would never be able to fulfill their duties in burying someone because they would have to conduct some sort of grand investigation in every case. Here the issue more is that the plaintiff, by taking possession of a body that she did not have the right to, and then contracting with the cemetery, she put herself in this position or basically undertook the risk that there would always be a situation where the children who had the lawful right to later came and lawfully affected their rights. And simply because there was a contractual provision that frankly I don't think the record reflects any party was even aware of at the time of contracting and the plaintiff is now latched onto to try to assert some sort of rights because she has no rights under the statute. That can't undermine the rights of those statutes. That can't take away the rights of the children. There's a direct conflict and if we were to allow a create an incentive where there would be a race to the morgue to try to claim a body and then a race to a cemetery to try to contract with someone and then hope you can contract with some third party to enhance your rights that you otherwise would not have vis-a-vis under these statutes and vis-a-vis the rights of the third parties that do have standing, do have rights under those statutes. I don't think there can be any dispute here. It's a very unfortunate situation how all this unfolded. Frankly my client respectfully I think as I've put in some of the briefing really was caught in the middle of two different parties the children and the fiance who have been fighting but to say somehow that the cemetery should be liable under these situations as the trial court did completely ignores that this contract this contract which is the only basis under which the plaintiff is contending she has rights in this case again directly conflicts with three separate Illinois statutes under which she had no such right other than the fact that she entered into the burial easement agreement with the cemetery. A contract to which the children were not a party to and directly impaired their rights by giving her the right to say I should have been able to permission even though she had no such right under the vital records act to withhold the permission of disinterment under the disposition of remains act under which she had no priority right to control the disposition of remains or under the crematory act under which the children lawfully should have been able to cremate their father. Counsel if I may would your analysis change if the hypothetical was that these were two children disputing the matter? So if there were two children disputing the matter then the statute would have been invoked and my question is as it relates to the burial easement agreement and the issue of permission would it still violate the statute? If the contract easement yes it would and I'll explain why because the statute excuse me the diocesan statute which was incorporated by into the easement agreement says also required is the written permission or order from the owner of the easement of the grave. It doesn't say anything about children or parties who have rights under any of the statutes and so if there were two children involved then the statutes would have been invoked to disinter the other child the sibling would have been notified under the vital records act and if there was a dispute they could have contested it both under the vital records act and the dispute clause under the vital record are under the disposition of remains act section 50b that you raised previously but to say that the owner of the easement of the grave got some sort of rights while that may have been a child who would have had rights otherwise under the statutes the contract would not have given that right because again the owner of the easement of grave is a term that's not raised in any of the statutes and the owner of the easement of the grave has no standing under any of those statutes and so to say that this contractual clause under your hypothetical it would have played out differently but the child's rights in that case would not have been come from the contract it would have come from the statutes and the contract would still be in conflict because again owner of easement of the grave is not someone that's recognized under any of these various acts upon a finding that the contract conflicts with the statutes the easement agreement provision should be held invalid and in that case the trial court erred in failing to find that there was a conflict in failing to find that the contract undermined the rights of third parties that did have rights under those statutes and thus the permission clause is unenforceable upon remand we also would suggest that the litigation should be terminated because each of the plaintiffs claims all stem from an alleged contractual right that is the sole source of rights that she contends she has and so we would be asking not only for reversal or that the certified question be answered in the affirmative that there is a conflict between the permission clause and the applicable statutes and that clause should be invalidated but also remanded with instructions that summary judgment order should be reversed and entered in the defendant's favor unless uh your honors have any further questions i'll reserve my remaining time for uh reply thank you thank you mr marx mr wolf may it please the court again my name is daniel wolf i'm counsel for the appellee clorinda diagnola as your just as your honors pointed out at the opening of mr marx's argument this is a 308 proceeding and there's a very distinct certified question before this court i won't repeat the question mr marx already read it and your honors are familiar with it the answer to the certified question which is the only question before this court is no and it's important to reiterate specifically what is not before this court today what is not before this court today is an analysis of the facts and circumstances of the initial burial of the decedent a resolution of any factual disputes surrounding that or who had priority under section 5 of the disposition of remains act which in the briefs we call the dra none of those things are before the court so counsel good morning i would like to ask you then um for your response to opposing counsel's argument that this contractual provision does conflict with the three statutes that we've looked at and that part of the certified question as it gives your client a right that was inconsistent or not allowed under any one of those three statutes judge my response to that is as follows the fact that none of the three statutes involved gave my client a right to notice does not make those statutes in conflict with the contract the statutes serve an entirely separate purpose than the burial easement agreement they're unrelated to one another and i'll address each of the statutes specifically i think it's important to look at what the purpose and function of the statutes are in relation to section 12.4.1 of the burial easement agreement and i'll start by summarizing 12.4.1 it served a very simple function it listed the three requirements that needed to be met before the decedent's remains could be disinterred from the cemetery it was a promise by the cemetery to the plaintiff and the cemetery bears the liability for a breach of that promise there were three requirements the consent in writing of the surviving husband wife or next of kin to the written permission or from the owner of the easement of the grave and three the proper documents required by civil law the first and third requirements were met the second admittedly by the defendants was not that's why the court found that the defendant breached the easement agreement now to address justice xenof's question specifically if we look at each of the statutory provisions that the def that the defendants the app the appellants claim are in conflict with the burial agreement we can see that they're not section 5 of the disposition of remains act establishes the order of priority of people having a right to control the disposition of a decedent's remains there's nothing in section 12.4.1 that purports to establish a different priority or a conflicting priority stressing again that who had priority under that statute is not an issue before this court the ability of the plaintiff to withhold consent as the defendant uh characterizes it is not in conflict if the plaintiff didn't consent it would merely it would merely trigger the dispute resolution mechanism under section 50 of the dra now i do want to clarify and correct something that mr mark said in response to your honor's question section 50b is not limited to disputes among regarding priority under section 5 section 50b reads and i quote any dispute over a promptness etc etc so it is not in conflict a statute that provides a dispersion a dispute resolution mechanism cannot be read to forbid disputes and as i pointed out in my response brief we don't know if that dispute resolution process would ever have been triggered because it didn't play out that way but again factual determination is not before the court today the second statute that the the appellant's claim is in conflict is section 21 sub 5 of the vital records act let's look at what that does it governs the process for applying for a permit for disinterment it requires the local registrar to send notice to a surviving spouse or children and it gives those notified 30 days to object before the registrar can issue a permit there is nothing in section 12.41 that purports to impose different or conflicting requirements for application or notice upon the applicants or the registrar they're unrelated the defendants are conflating the process of getting a permit with the process of executing a disinterment the vital records act in section 21.5 which is the section that is in the certified question governs the process of getting a permit nothing stood in the way of the decedent's children executing that process in fact they did it they complied with the statute and they got a permit but that statute doesn't say that permit now supersedes any contractual right that a cemetery may have conferred upon the owner of a burial easement there was nothing to in the statute that prevented the cemetery from imposing additional obligations which it did and it bears the burden of those obligations issue here is between the plaintiff and the defendants not between the and the decedent's children the third statutory provision that the defendant's claim is in conflict with section 12.4.1 is section 20a of the crematory regulatory act and i've struggled on how you pronounce crematory i don't know if it's crematory or crematory i'm going with crematory but that section lists what a crematory must receive before it can cremate a body it specifically requires a representation from a person authorizing the cremation that they're not aware of anyone with a superior right or that they have no reason to believe such a person would object there's nothing in section 12.4.1 that purports to impose any requirements on a crematory at all much less different or conflicting requirements moreover cremation doesn't happen until after disinterment so it can't possibly conflict with 12.4.1 section 28 doesn't come into play until after a disinterment has already occurred we know from the flunder the sibling and the decam decisions that were cited by the appellants that a conflict exists when the terms of the contract directly violate the terms of the cited in the or referred to in the certified question conflict with section 12.4.1 we also know from the orlin hills case cited by the appellant that a conflict can exist if a contract purports to impose obligations in an area that is statutorily preempted by a regulatory scheme and that's not the case here either there is no preemption or exclusive regulatory scheme involved in this case there's nothing in the dra the vital records act or the crematory regulatory act that grants or asserts regulatory authority over the operations or the content of a cemetery's contracts the statutes just have nothing to do with burial easements quite simply a contract is only when it does what a statute expressly forbids or when it intrudes into a field that the legislature has placed under exclusive statutory control neither is present here 12.4.1 does not encroach upon or impede the workings of any of the statutory provisions of the issue and there's nothing in any of those statutory provisions that preclude the cemetery from requiring more than the legal minimum including the permission of the owner of the easement before allowing disinterment from her easement and because there is no conflict between section 12.4.1 and any of the statutory provisions listed in the certified question that question must be answered no and that concludes my argument but um i assume we have no questions at this point so um mr marx you have time for a rebuttal thank you council's argument is that there's nothing that prohibited my client the cemetery from quote using his words imposing additional obligations there is though and it's the law that says a contract can't give away or give or take away rights that conflict with the state statute or impair the rights of another third party to somehow say that the 12.4.1 provision that the cemetery would have to go first to the owner of the easement of a grave and obtain their permission before allowing disinternment can not possibly be squared in any way other than being in direct conflict with these three statutes council concedes and he conceded below that the children quote had the statutory right to obtain a permit for disinternment and plaintiff has readily acknowledged they properly exercise that right that's in the record a 1151 and he said it again here during his response he said they lawfully obtained that permit to then say that there is no conflict with yes you can lawfully do those rights and under the vital records act the owner of the easement of the grave had no standing and had no right to contest the disinternment but you needed their written permission first before allowing the disinternment can be resolved in no other way than a direct conflict i i really how would an easement owner know that there was a need for their written permission in any particular case so again i don't think the record reflects in any way that either party was aware of the process you you contracted to provide this additional requirement so how would that mechanically take place well my argument is that it couldn't mechanically take place i believe my client and the plaintiff confusing the mechanics with the legality with the legal i'm not following your question then you're okay you're confusing the mechanics of the process with what the legal circumstances might be you included your clients included a provision that says that written notice is required or written permission is required well somebody who's already interred their love for loved one probably doesn't know anything about as like in this case doesn't even know this is happening so the only way they would know it would be if you go to them and say hey we need your written permission because so-and-so is asking to disinter then all of the legal requirements kick in and i don't see where there's a conflict all that all that that did for you was impose the obligation to notify the easement owner per your contract drafted by you that written permission was required the fact that legally it may turn out that they don't have any to give anyway and you're still going to get an order from the circuit court that says these people have the right to disinter that body that doesn't concern you you're just going to comply with the order it didn't concern you at the front end whether she had the right to inter the body in the first place it shouldn't concern you in the back end as to who winds up getting to either disinter the body or not the only obligation you imposed on yourselves was the need to notify the easement owner that someone wants to disinter the body and we need your permission i don't see how that conflicts with anything because there's nothing in any of these statutes that addresses that at all it's not a notification clause your honor it the statute says also that goes to my point she's not clairvoyant she's not going to know that anybody's trying to dig up the body unless you would notify her to tell her we need your written permission it's not like one day she's suddenly going to decide you know what i think i'm going to give them written permission how does she know she doesn't know unless you give her notice so when you included that provision in your contract you obligated yourselves to notify her how this plays out legally doesn't really concern you at all two two parts that two answers that question are first again the clause is also required is the written permission from the owner of the easement of the grave and there is nothing in the clause that said notice provide notice your question though mechanics she undertook the risk that someday someone would obtain a lawful permit to disinter who lawfully had the right to possess the body who lawfully had the right to disinter and so the fact that somehow she wasn't notified that's how the law operates she wasn't required to have notification but to say that there is no conflict between a clause that says we as the cemetery have to obtain the your written permission before allowing disinterment versus statutory sections that say the children had the right to disinter without notifying her and without obtaining her permission is the direct conflict the mechanics and the law can't be separated because the mechanics of having to go say under this contract we have to get your written permission before we allow disinterment to occur would directly conflict under the vital records act where the children as conceded by the plaintiff lawfully affected their rights to disinter thank you council thank you i believe my time is up unless there's any other questions it is up thank you all right thank you very much do um i'm sorry justice lanard do you have any further questions i do not thank you all right and just dearmond anything further okay thank you counsel for your arguments this morning the court will take the matter under advisement and render a decision in due course court is um in recess at this time